**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

**Juan G. Velez;** and others similarly situated,                    COLLECTIVE ACTION

      Plaintiffs,
vs.

**Sereca Security Corporation**, a Florida profit corporation, and; **Sereca Corp.**, a Florida profit corporation

      Defendants.
_____/

**FAIR LABOR STANDARDS ACT COMPLAINT**
**(Overtime Wages)**

Plaintiff Juan G. Velez, and others similarly situated, sues Defendants, Sereca Security Corporation, and Sereca Corp., Florida profit corporations, and alleges:

**JURISDICTIONAL ALLEGATIONS**

1.   This is an action brought under the laws of the United States of America to recover money damages for unpaid overtime wages, liquidated damages and other relief. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2.   Plaintiff Juan G. Velez is a person who rendered labor primarily in Miami-Dade County, Florida while employed as a security guard with the Defendants.

3.   Defendant Sereca Security Corporation is a Florida for profit corporation engaged primarily in security services industry and provides security personnel to its various clients within the Southern District of Florida, and possibly elsewhere. See http://www.serecacorp.com.

4. Defendant Sereca Corp. is a separate Florida for profit corporate incarnation of the Defendant Sereca Security Corporation and engaged primarily in the security services industry and operates from the same corporate address.

5. The Plaintiff received payroll checks from both Defendants during his single, contiguous period of employment as a security guard with the Defendants.

6. Defendants Sereca Corp. and Sereca Security Corporation are each individually and together, a "person" and an "employer" within the meaning of 29 U.S.C., § 203 (a) and (d) and is hereinafter referred to as the "Employer". Moreover, this same "Employer", is a part of a group of related entities and individuals including SMI Security Management, Inc., and JMG Insystems, Inc. which operate together as an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

7. Additionally, in the course of his employment with this Employer, Plaintiff, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was individually engaged in commerce because he was employed in a manner which required that he regularly use the implements of interstate commerce.

8. This action is brought by Plaintiff Mr. Juan G. Velez individually and on behalf of other similarly situated employees, to recover from the Employer unpaid overtime wage compensation, as well as additional sums on account of liquidated damages, costs and reasonable attorney's fees provided under 29 U.S.C., Sections 201, *et seq.,* and, specifically, under the provisions of 29 U.S.C., Section 207.

9. Plaintiff Juan G. Velez is a person who was hired and employed by the Employer in Miami, Miami-Dade County, Florida. He worked from approximately October, 2009 through October, 2010. For that period of time, he was employed and rendered service as a security

guard at various locations for whom the Defendants provided security services, primarily in Miami-Dade County, Florida. Plaintiff was hired at the hourly rate of $9.25 and was told that he would be paid that rate for an anticipated sixty hours of work per week.

10. Jurisdiction is conferred upon this Court by 28 U.S.C., Section 1337, and by 29 U.S.C., Section 216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers from and throughout the United States and other countries and further provides service and goods sold and transported from other states. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

11. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

## ATTORNEY'S FEES

12. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fee for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

13. Plaintiff is entitled to an award of attorney's fees if he is the prevailing party in this action pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Pay Overtime Wages)

14. The Employer is a conglomerate of related persons or entities engaged in the business of providing security services.

15. At all times during his employment, Plaintiff, and those similarly situated, was an hourly employee required by law to be paid by the hour for work performed for and at the direction of the Employer and was required to be paid at the rate of one-and-half times his regular hourly rate for those hours he worked in excess of forty during any given workweek.

16. Plaintiff, routinely worked overtime hours but was never paid at the premium rate for those hours worked in excess of forty in every workweek.  Other current and former similarly-situated employees of the Employer, who performed the same or similar duties for the Employer as Plaintiff, were also not paid overtime wages as required by law.

17. In order to disguise overtime hours worked and to subvert their legal obligation to pay overtime hours at the premium rate required by law, on our payroll stub, the Employer would mischaracterize all hours we worked in excess of forty in any given workweek as "training" or by using some other misnomers when in fact the excess hours represented actual work performed at job sites assigned by the Employer.  This practice is illustrated in the attached composite Exhibit "A".

18. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA. Other persons who are -- or who may become -- Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer.  Said other persons were also subject to the payroll practices and procedures described above.

19. The Employer failed to pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include the following: (a) Plaintiff was not paid for any of the many hours he worked in excess of forty during the vast majority of his workweeks; (b) the Employer completely failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

20. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff and other similarly situated employees their overtime wages due for every hour worked during the three year period preceding this lawsuit.

WHEREFORE, Plaintiff and others similarly situated request double damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial, and for all unpaid overtime wages owing Plaintiff and those similarly situated employees for their entire applicable employment period, or as much as is allowed by the FLSA, whichever is greater.  In the event that Plaintiff and those similarly situated employees do not recover double damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

## JURY DEMAND

Plaintiffs, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: July 11, 2011

          ANTHONY F. SANCHEZ, P.A.
          Counsel for Plaintiffs
          6701 Sunset Drive, Suite 101
          Miami, FL 33143
          Tel.:   305-665-9211
          Fax:    305-328-4842
          E-mail: afs@laborlawfla.com

          By:    /s/Anthony F. Sanchez
                 Anthony F. Sanchez
                 Florida Bar No. 0789925